UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID A. SANDERS,

    Petitioner,

    v.

TOM CAREY, warden,

    Respondent.

No. C 06-859 MHP (pr)

**ORDER GRANTING MOTION TO DISMISS AND REQUIRING ELECTION BY PETITIONER**

## INTRODUCTION

David A. Sanders, an inmate at the California State Prison - Solano, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss, which Sanders has not opposed. For the reasons discussed below, the motion to dismiss will be granted and petitioner will be required to choose what to do about the unexhausted claim in his petition.

## BACKGROUND

Sanders was convicted in 2003 in Alameda County Superior Court of several sex crimes. He appealed his conviction. The California Court of Appeal affirmed the conviction and the California Supreme Court denied his petition for review. He did not file any collateral challenge to his conviction in the state court before filing this action.

In his amended petition for writ of habeas corpus, Sanders alleged three claims: (1) his right to due process was violated because there was insufficient evidence to support the oral copulation conviction, (2) he received ineffective assistance of counsel because counsel provided no defense, and (3) his right to due process was violated by the use of evidence

regarding his 1976 conviction. The court found the claims cognizable and ordered respondent to show cause why the petition should not be granted.

Respondent has moved to dismiss on the ground that state court remedies were not exhausted for the second claim, i.e., the ineffective assistance of counsel claim.

**DISCUSSION**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "'the initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted). A federal district court may not adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted. See Rose v. Lundy, 455 U.S. at 522.

Having compared the amended petition for writ of habeas corpus in this action with the petition for review in the California Supreme Court, the court agrees with respondent's contention that the ineffective assistance of counsel claim presented here was not presented in state court. State court remedies have not been exhausted for that claim. Sanders' petition contains both exhausted and unexhausted claims and therefore is what is referred to as a "mixed" petition. See Rhines v. Weber, 544 U.S. 269, 277 (2005). The court cannot adjudicate the merits of a mixed petition.

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. § 2244(d), the court is reluctant to dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without giving Sanders the opportunity to elect whether to proceed with just his exhausted claims, or to try to exhaust the unexhausted claim before

2

having this court consider all three claims. Accordingly, instead of an outright dismissal of the action, the court will allow Sanders to choose whether he wants to –

    (1) dismiss the unexhausted claim and go forward in this action with only the two exhausted claims, or

    (2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims, or

    (3) file a motion for a stay of these proceedings while he exhausts his unexhausted claim in the California Supreme Court.

Sanders is cautioned that the options have risks which he should take into account in deciding which option to choose. If he chooses option (1) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition. See 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition may be rejected as time-barred. See 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from the California Supreme Court on his unexhausted claim, and to return to this court. And under option (3), this action stalls: this court will do nothing further to resolve the case while petitioner is diligently seeking relief in state court.

    In Rhines, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions. The Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Rhines, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Id. at 277-78. Any stay must be

1 limited in time to avoid indefinite delay. Id. Reasonable time limits would be 30 days to get
2 to state court, as long as necessary in state court, and 30 days to get back to federal court
3 after the final rejection of the claims by the state court. See id. at 278; Kelly v. Small, 315
4 F.3d 1063, 1071 (9th Cir.), cert. denied, 538 U.S. 1042 (2003).

## CONCLUSION

Respondent's motion to dismiss is GRANTED in part. (Docket # 18.) Petitioner must serve and file no later than **January 18, 2008**, a notice in which he states whether he elects to (1) dismiss the unexhausted claim and go forward in this action with only the remaining claims, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) moves for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claim. If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under option ___ provided in the court's Order Granting Motion To Dismiss And Requiring Election By Petitioner." Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses Option (3), petitioner must file a motion for a stay in which he explains why he failed to exhaust his unexhausted claims in state court before presenting them to this court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims. He must serve and file the motion for a stay no later than **January 18, 2008**. If petitioner does not choose one of the three options or file a motion by the deadline, the court will dismiss the action.

IT IS SO ORDERED.

DATED: January 2, 2008

Marilyn Hall Patel
United States District Judge