United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. SANDERS, | No. C 06-859 MHP (pr) |
|     Petitioner, | **ORDER TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE CASE** |
|     v. | |
| TOM CAREY, warden, | |
|     Respondent. | |

    Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2003 Alameda County Superior Court conviction for several sex offenses. The court earlier granted respondent's motion to dismiss, finding that the petition had a claim for which state court remedies had not been exhausted. The court ordered petitioner to choose whether to dismiss the unexhausted claim, dismiss the entire petition, or seek a stay of these proceedings so that he could exhaust his unexhausted claim.

    Petitioner has filed a motion to stay these proceedings so that he may present his ineffective assistance of trial counsel claim to the state courts. In his motion, petitioner states that he did not realize until recently that he had any further recourse once his appellate attorney did not include the ineffective assistance of trial counsel claim in the appeal, states that his appellate counsel indicated that trial counsel's performance appeared close to ineffectiveness based on the trial transcripts alone, and states that he is not trying to tie up the courts with a frivolous claim. Liberally construing the motion, it appears that petitioner has shown good cause for his failure to exhaust the claim, the claim does not appear patently meritless, and there does not appear to be any intentionally dilatory litigation tactic by

petitioner. See Rhines v. Weber, 544 U.S. 269, 277-78 (2005).   The motion to stay the proceedings is GRANTED.  (Docket # 20.)

This action is now STAYED and the clerk shall ADMINISTRATIVELY CLOSE the action.  Nothing further will take place in this action until petitioner exhausts the unexhausted claim and, within thirty days of doing so, moves to reopen this action, lift the court's stay and proceed with consideration of his habeas petition.  When he finishes in state court and moves to reopen, petitioner must clearly identify each claim that has been exhausted in state court.

Petitioner must act diligently to get his state court petition filed and promptly return to federal court after his state court proceedings have concluded.   If petitioner does not return within thirty days of exhausting the unexhausted claim, the action or the unexhausted claims may be dismissed.  See id.; Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir.), cert. denied, 538 U.S. 1042 (2003).  Petitioner also must exercise continuous diligence during the exhaustion process in the state courts.  Imposing these time limits for petitioner to expeditiously get to, through, and back from state court furthers the AEDPA's goals of encouraging finality of judgments and streamlining federal habeas proceedings.  See Rhines, 544 U.S. at 278.

IT IS SO ORDERED.

DATED:   May 8, 2008

Marilyn Hall Patel
United States District Judge